# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| LEON EUGENE GRAYSON ) | C/A No. 4:09-89-HMH-TER |
| ) | |
| Petitioner, ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| A.J. PADULA, WARDEN OF LEE ) | |
| CORRECTIONAL INSTITUTION, ) | |
| ) | |
| Respondent. ) | |

Petitioner, Leon Eugene Grayson ("Petitioner/Grayson"), is an inmate in the custody of the South Carolina Department of Corrections (SCDC). Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on January 15, 2009. Respondent filed a motion for summary judgment on April 20, 2009, along with supporting memorandum. The undersigned issued an order filed April 21, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a motion for summary judgment on May 22, 2009.

## I. PROCEDURAL HISTORY

There has been no significant opposition filed as to the procedural history as set out by the

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

Respondent, other than the issues presented in this petition. Therefore, the undisputed procedural history as set out in Respondent's memorandum will be discussed below.

Petitioner is presently confined in the Manning Correctional Institution, of the South Carolina Department of Corrections (SCDC), as the result of his Greenville County convictions and sentence. The Greenville County Grand Jury indicted Petitioner at the August 2005 term of court for armed robbery (2005-GS-23-6547) and at the November 2005 term for accessory before the fact to armed robbery (2005-GS-23-8946). **App. pp. 70-73**. Richard H. Warder, Esquire, represented him on these charges.

On July 19, 2006, petitioner pleaded guilty to these offenses before the Honorable D. Garrison Hill. Judge Hill sentenced him to twelve years imprisonment for armed robbery and to ten years imprisonment for accessory before the fact to armed robbery to run concurrently. **App. pp. 1-16**. Petitioner did not appeal from his guilty plea. However, he filed a *pro se* Post-Conviction Relief (PCR) Application (07-CP-23-1047) on February 16, 2007. He alleged the following grounds for relief in his Application:

1. Ineffective assistance of plea counsel:

    a. Failed to investigate.

    b. Failed to challenge evidence.

2. "Fals[i]fication of information by Police Department."

**App. pp. 18-24**. The State filed its Return on May 23, 2007. **App. pp. 25-28**.

An evidentiary hearing was held on July 11, 2007, before the Honorable Edward W. Miller at the Greenville County Courthouse. Petitioner was present at the hearing and was represented by Kenneth C. Gibson, Esquire. Assistant Attorney General Karen C. Ratigan represented the State.

Petitioner testified on his own behalf, while the State presented the testimony of trial counsel, Mr. Warder. **App. pp. 30-59**.

On July 19, 2007, Judge Miller filed an Order of Dismissal in which he denied relief and dismissed the Application with prejudice. The Order of Dismissal addressed Petitioner's claims that trial counsel was ineffective because he failed to (1) attack his confession; (2) contact alibi witnesses, who could have testified that he was in Virginia when the offenses occurred; and (2) accurately represent the sentence Petitioner would receive at the guilty plea. Judge Miller found that Petitioner failed to present any evidence as to "any and all allegations that were raised in the application or at the hearing in this matter and not specifically addressed in this Order." He therefore found that Petitioner "waived such allegations and failed to meet his burden of proof regarding them." **App. pp. 62-68**.

Petitioner timely served and filed a notice of appeal. Assistant Appellate Defender LaNelle C. Durant represented him in collateral appellate proceedings. On May 1, 2007, Ms. Durant filed a Johnson Petition for Writ of Certiorari on Petitioner's behalf and petitioned to be relieved as counsel. The only Question Presented in the Johnson Petition was stated as follows:

> Did the PCR court err in failing to find trial counsel ineffective for his failure to investigate possible defenses for Petitioner by not contacting the alibi witnesses?

*Johnson* **Petition for Writ of Certiorari at p. 2**.

Petitioner subsequently filed "Appellant's *Pro Se* Brief," in which he alleged that trial counsel was ineffective because (1) counsel failed to consult with him about or perfect a direct appeal; (2) counsel failed to make a motion to quash the indictments, based upon their failure to satisfy the requirements of S.C. CONST. Art I, § 1; (3) counsel told him that he would only receive a ten year sentence; (4) counsel failed to adequately investigate the case; (5) counsel failed to

3

"review any of the document[s] or evidence [in] the case or discuss any possible defense with appellant; and (6) counsel failed to explain to him the constitutional rights he would be waiving by pleading guilty. Petitioner also challenged PCR counsel's failure to raise "All available grounds for relief."

The South Carolina Supreme Court filed an Order on October 8, 2008, in which it denied certiorari and granted counsel's petition to be relieved. The Remittitur was sent to the Greenville County Clerk of Court on October 24, 2008.

## II. HABEAS ALLEGATIONS

Petitioner raises the following allegations in his *pro se* Petition for Writ of Habeas Corpus:

**GROUND ONE:** Ineffective Assistance of Trial Counsel and Due Process of Law.

**SUPPORTING FACTS:** Both parties will agree that petitioner's trial counsel (Richard Warder) did not file a NOTICE OF APPEAL from the judgment entered against petitioner in his criminal trial. Nor has counsel conferred with petitioner as to his right to appeal.

**GROUND TWO**: Ineffective Assistance of Trial Counsel and Due Process of Law.

**SUPPORTING FACTS:** (a) Petitioner's trial counsel (Richard Warder), upon the State presenting the indictment(s) in this case, fail to move for a MOTION TO QUASH the defective documents, PRIOR to petitioner being called to the Bar to answer ..... for the documents fail to satisfy the State's Constitutional Guarantee to ARTICLE I, § 3 and ARTICLE I, § 11.

**GROUND THREE:** Ineffective Assistance of Trial Counsel.

**SUPPORTING FACTS:** (a) Petitioner claims that Trial Counsel erroneously advised him that it was in petitioner's best interest to

4

> plead GUILTY to both charges against him, due to the evidence would support a conviction. ... Furthermore, counsel prepared petitioner for the questions the judge would ask of him, to ensure his plea was being entered "KNOWINGLY" INTELLIGENTLY" and "VOLUNTARILY."
>
> In return, counsel informed petitioner, he would hopefully receive a sentence of no more than Ten (10) years on each charge and they should be run concurrent.
>
> Otherwise we would have to go to Trail [sic] with a very good possibility, when convicted, of facing up to a thirty (30) year sentence.
>
> Petitioner argues that Trail[sic] Counsel fail to conduct any form of investigation, or even put the State's evidence through any form of investigative testing procedure.. . .as well as the subpoenaing of defense witnesses. . . .

(Petition, attachment).

### III. SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The movant has the burden of proving that a judgment on the pleadings is appropriate. Once

the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the Celotex case, the defendants are "entitled to judgment as a matter of law" under Rule 56(c) because the Petitioner has failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

### IV. STANDARD OF REVIEW

Since Grayson filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 117 S. Ct. 2059 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998); Green v. French, 143 F.3d 865 (4th Cir. 1998). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

6

> Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In a thorough discussion of the application of this statute in Green, the Fourth Circuit stated:

> If a state court decision is in square conflict with a precedent (supreme court) which is controlling as to law and fact, then the writ of habeas corpus should issue; if no such controlling decision exists, the writ should issue only if the state court's resolution of a question of pure law rests upon an objectively unreasonable derivation of legal principles from the relevant supreme court precedents, or if its decision rests upon an objectively unreasonable application of established principles to new facts. In other words, habeas relief is authorized only when the state courts have decided the question by interpreting or applying the relevant precedent in a manner that reasonable jurists would all agree is unreasonable.

See also Fitzgerald v. Greene, 150 F.3d 357, 362 (4th Cir. 1998); Wright v. Angelone, 151 F.3d 151, 156 (4th Cir. 1998); Cardwell v. Greene, 152 F.3d 331, 339 (4th Cir. 1998). In Williams v. Taylor, 163 F.3d 860 (4th Cir. 1998), the court specifically rejected an argument that the standard of review enunciated in Green, 143 F.3d 865, was erroneous. Thus, to a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law. See O'Brien v. DuBois, 145 F.3d 16 (lst Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure of federal review"). Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the Petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Wilson v. Moore, 999 F. Supp. 783 (D.S.C. 1998).

### V. ARGUMENTS/FINDINGS

First, the undersigned notes that Respondent asserts that Petitioner's allegations in his petition are procedurally defaulted in that the state supreme court did not consider the merits of any issue raised on certiorari since collateral appellate counsel filed a Johnson Petition for Writ of Certiorari. Respondent argues that the South Carolina Supreme Court in State v. Lyles, ___ S.C. ___, 673 S.E.2d 811 (2009), made clear that the state appellate court's review pursuant to Anders or, by analogy Johnson, does not involve consideration of the merits of any issue. By this argument, Respondent appears to argue that a Petitioner cannot exhaust any claim for habeas purpose by way of an Anders brief on direct appeal or a Johnson petition for writ of certiorari following denial of a PCR. However, three District Court cases have not agreed with Respondent's argument. See Ehrhardt v. Cartledge, 2009 WL 2366095 (D.S.C. July 30, 2009); Missouri v. Beckwith, 2009 WL 3233521 (D.S.C. Sep. 29, 2009); Singleton v. Eagleton, 2009 WL 2252272 (D.S.C. July 28, 2009). As Respondent cites no cases that have held that exhaustion cannot be satisfied by an Anders brief or a Johnson petition, the undersigned will address the claims on the merits and on Respondent's further arguments for summary judgment.

**Grounds One and Two**

In Ground One, Petitioner argues that trial counsel was ineffective for failing to file a Notice of Appeal and failed to confer with Petitioner as to his right to appeal. In Ground Two, Petitioner asserts that counsel was ineffective for failing to move to quash the indictments against Petitioner. Respondent argues that both Grounds One and Two are procedurally defaulted. Respondent argues that "even if this allegation had been raised on certiorari and presented to the state supreme court, that court was barred from considering it because Petitioner did not obtain a ruling on it from the

8

PCR judge in the Order of Dismissal." (Respondent's memorandum, footnote #5 and p. 16).

When presented with an application for habeas relief, the first inquiry by the court is to determine whether the claim raised in the petition was "adjudicated on the merits" by the state court. 28 U.S.C.A. §2254(d). If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in §2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Id. § 2254(d)(1),(2); see Williams v. Taylor, 529 U.S. at 398.

In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Petitioner must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. With respect to the second prong, Thompson must demonstrate a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

The undersigned finds these issue should be dismissed as procedurally barred. A review of the PCR Order of Dismissal reveals that the PCR judge did not address the issues of whether or not trial counsel conferred with Petitioner with regards to filing an appeal and failure to file a Notice of

Appeal. Further, the PCR Order of Dismissal did not address any issue dealing with counsel failing to move to quash the indictments. Therefore, the South Carolina Supreme Court would not have been able to review this issue. If a Petitioner before a federal court fails to raise a claim in state court and is precluded by state procedural rules from returning to state court to raise the issue, he has procedurally by-passed his opportunity for relief in state courts. In such a case, the exhaustion requirement is technically met, but a federal district court is barred from considering the habeas claim, absent a showing of cause and actual prejudice. Coleman v. Thompson, 501 U.S. at 750. The procedural default doctrine and its attendant "cause and prejudice" standard are grounded in comity and federalism concerns. Id. at 730-31. These principles apply whether the default occurred at trial, on appeal, or on state collateral attack. Murray v. Carrier, 477 U.S. at 490-92. Furthermore, in the absence of cause and prejudice, the Petitioner must show that he is factually "actually innocent" in order to have his claim heard on collateral review. Bousley, 523 U.S. at 622-24. "To establish actual innocense, Petitioner must demonstrate that, 'in light of all the evidence,' it is more likely than not that no reasonable juror would have convicted him." Id. At 623 (quoting Schlup v. Delo, 513 U.S. 298, 327-328 (1995) (quoting Friendly, Is Innocence Irrelevant? Collateral Attack on Criminal Judgments, 38 U.Chi.L.Rev. 142, 160 (1970)). In this case, Petitioner has not shown cause to overcome the procedural bar. Additionally, Petitioner entered a plea of guilty to the charges stating that he was in fact guilty. "Absent clear and convincing evidence to the contrary, [petitioner] is bound by the representations made during his plea colloquy." Beck v. Angelone, 261 F.3d 377, 396 (4th Cir. 2001)(internal quotations and citations omitted). Therefore, it is recommended that Ground One be dismissed.

**Ground Three**

In Ground Three, Petitioner argues ineffective assistance of trial counsel on several grounds. Petitioner first asserts that trial counsel was ineffective for erroneously advising him it was in his best interest to plead guilty to both charges against him, that counsel prepared him for the questions the judge would ask during the plea, and that counsel informed Petitioner that he "would hopefully receive a sentence of no more than ten (10) years on each charge and they should run concurrent," (Petition). Second, Petitioner asserts counsel failed to conduct any form of investigation or even put the State's evidence through any form of investigative testing procedure. Third, Petitioner asserts that trial counsel failed to subpoena any witnesses for the defendant.

With respect to Petitioner's allegation that counsel erred in his advice as to sentencing, Respondent argues that when defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the Petitioner has failed to demonstrate that his trial counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. With respect to Petitioner's allegation that trial counsel was ineffective because he failed to conduct any form of investigation, Respondent asserts that the claim fails in that the PCR's Order of Dismissal that counsel was not deficient was consistent with Supreme Court precedent. With regard to Petitioner's third allegation in Ground Three, Respondent argues that the record supports the PCR Court's determination that Petitioner "did not tell plea counsel he was in Virginia at the time of the robberies and that he had alibi witnesses to that effect."

Ineffective assistance of counsel claims may be asserted in limited circumstances where the Petitioner has entered a plea of guilty. A guilty plea generally precludes the Petitioner from

11

challenging defects in the process which occurred prior to the plea. He "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann[2]." Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). When such a claim is raised, the voluntariness issue is subsumed within the claim of effectiveness of the attorney's assistance. Hill v. Lockhart, 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

In order to prevail on a claim of ineffective assistance of counsel pertaining to a guilty plea, a Petitioner must show that his lawyer's performance was incompetent, i.e., the first prong of the Strickland test. Under this prong, counsel "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland, 466 U.S. at 691. The prejudice prong of the Strickland test is modified and the Petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

Petitioner's claim that his trial counsel was constitutionally ineffective is without merit. At the PCR stage, Petitioner asserted counsel was ineffective for failing to call alibi witnesses and for leading Petitioner to believe that he was pleading guilty in exchange for a ten-year sentence. However, a review of the plea transcript reveals that the Solicitor recited the facts and stated that there was no recommendation, it was a straight up plea. (See Tr. 14). Additionally, Petitioner did not have any alleged "alibi" witnesses testify at the PCR hearing. Furthermore, the PCR court found counsel to be credible while finding Petitioner's testimony not credible. (Tr. 65). In finding that trial counsel did not provide constitutionally ineffective assistance of counsel, the PCR court explained

---

[2] McMann v. Richardson, 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 n .14 (1970).

as follows:

> The Applicant stated he met with plea counsel four times before the plea and that they discussed the discovery materials and his confession to police. The Applicant stated he was in Virginia at the time of the armed robberies, and told plea counsel to contact alibi witnesses: Adlaide Wright, Sherman wright, Calvin Grayson, Greg Grayson, James Grayson, and Billy Miller. The Applicant stated plea counsel said he would not call his brother as a witness because he was a co-defendant and had received a life sentence. . . . The Applicant stated he pled that day because his witnesses were not there and plea counsel told him he had to make a decision. The Applicant stated he was not satisfied with plea counsel's performance on the day he pled guilty, but admitted he did not make this known to the plea judge. The Applicant stated he believed he was pleading guilty in exchange for a ten-year sentence.
>
> Plea counsel testified that he had several meetings with the applicant. Plea counsel testified they reviewed the discovery materials, which included the confession. . . Plea counsel stated the Applicant never told him he was in Virginia at the time of the crimes and that he should talk to alibi witnesses. In terms of witnesses, plea counsel stated he and the Applicant discussed using his brother and co-defendant, but decided against this because he might implicate the Applicant. Plea counsel testified he was ready to go to trial that day, but the Applicant decided to plead guilty. Plea counsel testified the Applicant did not waiver in this decision. Plea counsel testified he never told the Applicant he would receive a ten-year sentence and, in fact, explained that he was pleading guilty without a recommendation.
>
> Regarding the Applicant's claims of ineffective assistance of counsel, this Court finds the Applicant has failed to meet his burden of proof. This Court finds the Applicant's testimony is not credible, while also finding plea counsel's testimony is credible. This Court further finds plea counsel adequately conferred with the Applicant, conducted a proper investigation, and was thoroughly competent in his representation.
>
> The Applicant admitted to the plea judge both that he was guilty and that the facts recited by the solicitor were true. (Plea transcript, p. 4; p.11). The Applicant also told the plea judge that he understood the trial rights he was waiving in pleading guilty, was satisfied with counsel, and had not been coerced in any way. (Plea transcript, pp. 4-6).

(Tr. 64-65).

The PCR Court found that Petitioner did not tell plea counsel he was in Virginia at the time of the robberies and that he had alibi witnesses to that effect. (Tr. 66). Further, the PCR Court found

13

that as the alleged witnesses did not testify at the PCR hearing, any discussion regarding what their testimony may have been at trial is speculative.

As to the allegation that counsel told Petitioner that he would receive a ten year sentence, the PCR court found Petitioner failed to meet his burden. The PCR Court noted that the assistant solicitor expressly stated at the plea hearing that Petitioner was pleading guilty without a recommendation and that the Petitioner did not object. (Tr. 66, 14). Additionally, the PCR court noted that Petitioner admitted he was guilty of both the armed robbery and the accessory before the fact to armed robbery.

As to all claims of ineffective assistance of counsel, the PCR Court found Petitioner failed to prove the first prong of the Strickland test, failed to present specific and compelling evidence that plea counsel committed errors or omissions in his representation, and failed to meet the second prong of Strickland-that he was prejudiced by plea counsel's performance. (Tr. 66).

Based on a review of the plea transcript and the PCR transcript, the undersigned concludes that the record supports the state PCR court's holding and it is not contrary to clearly established federal law or an unreasonable determination of the facts in light of the evidence in the state court proceedings. As the PCR court's rejection of the ineffective assistance of counsel ground for relief did not result in an unreasonable application of Hill and Strickland and was not based upon an unreasonable determination of facts in light of the state court record, this ground is without merit. The state court decisions did not involve a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2);

Williams, supra. Thus, the undersigned recommends that the Respondent's motion for summary judgment be granted on this issue.

## VI. CONCLUSION

Based on the foregoing, it is recommended that Respondent's motion for summary judgment (document #14) be GRANTED and Petitioner's petition for Writ of Habeas Corpus should be denied, and this Petition dismissed.

For the above cited reasons, it is FURTHER RECOMMENDED that Petitioner's motion for summary judgment (doc. #21) be DENIED.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
January 26, 2010                                    United States Magistrate Judge
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**